**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN BARRETT, #491067,

Petitioner,

v. CASE NO. 2:14-CV-11416

KENNETH ROMANOWSKI,

Respondent.
_____________________________________/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Michigan prisoner John Barrett ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to second-degree murder and possession of a firearm during the commission of a felony in the Wayne County Circuit Court and was sentenced to consecutive terms of 18 to 30 years imprisonment and two years imprisonment on those convictions in 2004. In his petition, he raises several claims concerning the effectiveness of trial and appellate counsel and requests an evidentiary hearing.

This matter is before the court on Respondent's motion for summary judgment requesting that the petition be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion essentially seeking equitable tolling of the one-year period. For the reasons set

forth, the court will grant Respondent's motion and dismiss the habeas petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The court will also deny a certificate of appealability and deny leave to proceed *in forma pauperis* on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from the shooting death of his cousin during an altercation at a residence in Detroit, Michigan on November 11, 2003. Petitioner was initially charged with first-degree murder, first-degree home invasion, and felony firearm. On March 11, 2004, he pleaded no contest to second-degree murder and felony firearm in exchange for dismissal of the more serious charges and an agreement that his minimum sentence on the murder conviction would be 18 years imprisonment. Following his plea but prior to sentencing, Petitioner moved the withdraw his plea asserting that he was innocent and that his family pressured him to accept the plea. On April 21, 2004, the trial court denied the motion and sentenced Petitioner in accordance with the plea agreement.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising claims concerning the trial court's denial of his plea withdrawal motion in light of his assertions of self-defense and family coercion. The court denied the application for lack of merit in the grounds presented. *People v. Barrett*, No. 262246 (Mich. Ct. App. July 21, 2005). Petitioner did not pursue an appeal with the Michigan Supreme Court.

On December 21, 2006, Petitioner filed a motion for relief from judgment (dated December 12, 2006) with the state trial court raising a subject matter jurisdiction claim,

which was dismissed without prejudice on January 26, 2007. *See* Wayne Co. Cir. Ct. Dkt., Case No. 03-014061-01-FC.[1]

On October 5, 2010, Petitioner filed a subsequent motion for relief from judgment (dated August 31, 2010) in the state trial court raising claims concerning prosecutorial fraud, insufficient evidence/innocence of murder, his lack of understanding of the charges, and the effectiveness of appellate counsel. The trial court denied the motion, finding that the claims lacked merit and/or that Petitioner had failed to establish cause and actual prejudice under Michigan Court Rule 6.508(D)(3). *People v. Barrett*, No. 03-014061-01 (Wayne Co. Cir. Ct. May 13, 2011). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to "meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Barrett*, No. 310982 (Mich. Ct. App. Dec. 14, 2012) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Barrett*, 495 Mich. 851, 836 N.W.2d 163 (Sept. 3, 2013).

Petitioner filed his undated federal habeas petition with this court on April 7, 2014. Respondent filed the instant motion for summary judgment on October 8, 2014. Petitioner dated his reply brief on November 6, 2014 and it was filed by the court on November 12, 2014.

---

[1]Petitioner also seems to have prepared a second motion for relief from judgment (dated November 25, 2008) raising subject matter jurisdiction claims, but there is no indication in the record as to whether that motion was filed or ruled upon in state court.

## III. SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the filing date for this action because Petitioner filed his habeas petition after AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA includes a one-year period of limitations for federal habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals denied leave to appeal on direct appeal on July 21, 2005. Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. Accordingly, his convictions became final on September 15, 2005 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654–56 (2012) (when a petitioner does not seek review in a state's highest court, the judgment

becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[2] Accordingly, Petitioner was required to file his federal habeas petition on or before September 15, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his first motion for relief from judgment with the state trial court until December 21, 2006. Thus, the one-year period expired before he sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered evidence or

[2]Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. In his reply, he discusses the appointments, withdrawals, and actions of collateral review counsel as cause for his delay in pursuing collateral review in the state courts. Such circumstances, however, arose after the one-year period had already expired and after Petitioner had already filed his first motion for relief from judgment in the state courts. Thus, any difficulties with collateral review counsel did not serve to toll the one-year period because the one-year period had already expired. Once the limitations period is expired, subsequent state court motions, even those alleging ineffective assistance of counsel, do not re-start the statute of

limitations (absent new evidence or new law). *Allen*, 366 F.3d at 401; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

Furthermore, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer for a period of time, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify equitable tolling of the one-year period. *Holloway*, 166 F. Supp. 2d at 1191.

Lastly, the court notes that Petitioner has not been particularly diligent in protecting his rights given that he waited seven months after the Michigan Supreme Court denied leave to appeal on collateral review to file his federal habeas petition. Given such circumstances, Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588–90 (6th Cir. 2005); *see also Holloway,* 166

F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537–39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Again, Petitioner makes no such showing. His self-defense argument and his assertions that his habeas claims have merit do not establish his actual innocence. Moreover, a "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007). Petitioner's no contest plea also belies an actual innocence claim. *See, e.g.*, *Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005) (same). Petitioner fails to demonstrate that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable.

## V. CONCLUSION

IT IS ORDERED that Respondent's motion for summary judgment (Dkt. # 5) is GRANTED.

IT IS FURTHER ORDERED that the Petition for a Writ of Habeas Corpus (Dkt. # 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 17, 2014, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522